## HERITAGE v. DODGE.

A school-teacher may enforce discipline by the imposition of reasonable corporal punishment.  He may determine when and to what extent punishment is necessary; and he is not liable for error in judgment when he has acted in good faith and without malice.

TRESPASS, for assault and battery. Plea, the general issue, with a brief statement that the defendant was teacher of a public school in which the plaintiff was a scholar, and that the assault and battery complained of was the infliction of reasonable punishment of the plaintiff for disrespectful conduct and violation of the regulations of the school. The evidence tended to show that some of the scholars had a practice of coughing and making noises resembling coughing for the purpose of attracting attention, which disturbed the order and quiet of the school. The defendant requested that the noises be stopped, but the disturbance continued to some extent. At the time of the assault the defendant was repeating the request to the school, when the plaintiff made a noise resembling a cough, which the defendant understood was intended by the plaintiff as an act of contempt and defiance of the teacher's authority, and thereupon the defendant inflicted the punishment complained of.

The plaintiff offered evidence tending to show that a portion of the scholars, including the plaintiff, were affected with a cough known as chin-cough or whooping-cough, and the plaintiff testified that the coughing for which he was punished was involuntary, and not intended as an act of disobedience or of defiance. The plaintiff requested the following instruction: "If the jury find that the plaintiff could not help coughing by reason of a chin-cough, then the defendant was not justified in punishing the plaintiff, although the defendant believed that the plaintiff coughed for the purpose of defying his authority and disobeying the rules of the school." The court declined to give this instruction, and the plaintiff excepted.

Upon this point the court charged the jury that if the defendant, acting honestly and with reasonable caution and prudence, believed that the act of the plaintiff was intended as an act of disrespect for and contempt of the teacher's authority, and if he had reasonable cause for believing that the noise made by the plaintiff was intentional and for the purpose of showing his defiance of the reasonable requirements of the defendant in the government of the school, then the defendant was justified in inflicting moderate and reasonable punishment upon the plaintiff.

The plaintiff excepted to the foregoing instructions. Verdict for the defendant.

*S. L. Bowers*, for the plaintiff.

*A. S. Wait* and *G. Dodge*, for the defendant.

SMITH, J. The instructions requested made the defendant liable, without regard to the fact whether he exercised reasonable judgment and discretion in determining whether the plaintiff was guilty of intentional misconduct as a scholar. The law clothes the

teacher, as it does the parent in whose place he stands, with power to enforce discipline by the imposition of reasonable corporal punishment. 1 Blk. Com. 453; 2 Kent Com. 205; Reeve Dom. Rel. 288, 289, 375. He is not required to be infallible in his judgment. He is the judge to determine when and to what extent correction is necessary; and like all others clothed with a discretion, he cannot be made personally responsible for error in judgment when he has acted in good faith and without malice. Cooley Const. Lim. 341; Cooley Torts 171, 172, 288; *Lander* v. *Seaver*, 32 Vt. 114; *State* v. *Pendergrass*, 2 Dev. & Bat. 365; *Fitzgerald* v. *Northcote*, 4 F. & F. 656; Reeve Dom. Rel. 288.

The instructions were correct, and there was no error in the refusal to give those requested.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.